**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Michael Halfman,                                       )
                                                       )
            Plaintiff,                                 )        No. 12-CV-05999
                                                       )
      v.                                               )
                                                       )        Judge Edmond E. Chang
Matteson Auto Sales d/b/a Planet Toyota;               )
Toyota Financial Services CDE Corporation              )
d/b/a Toyota Financial Services;                       )
Toyota Financial Savings Bank;                         )
Toyota Motor Credit Corporation,                       )
Corporation,                                           )
                                                       )
            Defendants.                                )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Michael Halfman alleges that Toyota Financial Services, Toyota

Financial Savings Bank, and Toyota Motor Credit Corporation[1] violated provisions of

the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, and parallel provisions

of the Illinois Collection Agency Act, 225 Ill. Comp. Stat. 425/1 *et seq.*, when they failed

to promptly remove inaccurate and derogatory statements from Halfman's credit

history. In addition to those defendants and the statute-based claims, Halfman also

brings an Illinois common-law negligence claim against an additional defendant,

Planet Toyota, for its alleged failure to prevent the original fraudulent transaction that

was the source of Halfman's credit history problems. Defendant Planet Toyota moves

to dismiss [R. 10] the only claim against it in the Halfman's complaint [R. 1] for lack

---

[1] The Court will refer to these defendants, collectively, as the "FCRA Defendants" in
order to distinguish them, when necessary, from Defendant Planet Toyota.

of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). For the reasons explained more fully below, Planet Toyota's motion is denied for now.

## I.

In its motion to dismiss under Rule 12(b)(1), Defendant Planet Toyota argues that this court lacks subject matter jurisdiction to hear Plaintiff Michael Halfman's negligence claim against it. The negligence claim arises under state law, and according to Planet Toyota, the Court's power to hear supplemental state law claims under 28 U.S.C. § 1367(a) does not extend far enough to reach this state law claim.

Where a federal court has subject matter jurisdiction over a case involving federal-law claims, any accompanying state claims fall within the district court's supplemental jurisdiction if the state claims are "so related to [the federal] claims . . . that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The supplemental jurisdiction statute codified the Supreme Court's decision in *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966), where the Court held that federal-court jurisdiction over federal-law questions carries with it jurisdiction over state law claims that "derive from a common nucleus of operative fact," such that "the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *Id.* at 725; *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999). "A loose factual connection between the claims is generally sufficient." *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1994); *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008). But "it is not enough that the claims be tangentially related." *Hernandez v. Dart*, 635 F. Supp.2d 798, 814 (N.D. Ill.

2

2009) (dismissing plaintiff's legal malpractice claim that was "independent of" his claims relating to an underlying arrest that formed the basis for original jurisdiction) (citation omitted). Sharing a "factual background" is not necessarily sufficient standing alone; rather, the question is whether the claims share *operative* facts, that is, facts that are relevant to proving an *element* of both the federal and state claims. *See Berg v. BCS Financial Corp.*, 372 F. Supp.2d 1080, 1093 (N.D. Ill. 2005); *Nguyen v. Cumbo*, 2010 WL 4877555, at *5 (N.D. Ill. Nov. 23, 2010) (requiring some overlap in the "legal [or] evidentiary burden").

## II.

In this case, relying exclusively on the facts alleged in the complaint, the Court concludes that the negligence claim against Planet Toyota (Count 3) arises from a common nucleus of operative facts with the FCRA claim asserted against the other three defendants (Count 1) such that this Court may exercise supplemental jurisdiction over Halfman's state law claim. Halfman's complaint alleges that he was the victim of identity theft in July 2010. According to the complaint, an unknown person used false information to purchase a car and open a line of credit in Halfman's name. R. 1 (Compl.) ¶¶ 8-13. The complaint alleges two theories of liability arising out of the identity theft—that Planet Toyota and the FCRA Defendants were negligent in allowing the lines of credit to be opened in Halfman's name (Count 3), and that the FCRA Defendants violated provisions of the FCRA and an analogous Illinois statute when the false information was reported on, and then lingered on, Halfman's credit report (Counts 1 and 2). Specifically, the complaint alleges that the FCRA Defendants

3

violated 15 U.S.C. § 1681i(a), Compl. ¶ 46, which requires that consumer reporting agencies conduct a "reasonable reinvestigation" when a consumer disputes the accuracy of his credit report. Halfman's negligence claim against Planet Toyota, when read in the context of the entire complaint, alleges that Planet Toyota and its employees were negligent in extending credit to the identity thief in the first place. Compl. ¶¶ 8, 11, 37-46.

Based on those allegations, the state law negligence claim does arise from the same common nucleus of operative facts as the federal FCRA claim. The facts that allegedly will establish Planet Toyota's negligence may also be relevant to the FCRA Defendants' liability under 15 U.S.C. § 1681i. Here is how: under the FCRA, the reasonableness of the FCRA Defendants' reinvestigation likely will turn on, at least in part, the thoroughness of Planet Toyota's own investigation in deciding to sell the car to the identify thief in the first place. This is *not* because the FCRA Defendants may be held vicariously liable for Planet Toyota's alleged negligence. Instead, the point is that the FCRA Defendants' reinvestigation should have included an inquiry into what Planet Toyota did (or failed to do) in confirming the car buyer's identity. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 287 (7th Cir. 1994) (holding that a defendant may be required to "verify the accuracy of [the] initial source" under 15 U.S.C. § 1681i where the reliability of the source is questioned); *Benson v. Trans Union*, 387 F.Supp.2d 834, 843 (N.D. Ill. 2005) (considering evidence of the specific documentation reviewed by the reporting agency on a claim under 15 U.S.C. § 1681i). If Planet Toyota did a poor job in examining the car buyer's identity, then the FCRA Defendants'

reinvestigation should have taken that inadequacy into account in deciding what other, more robust steps the FCRA Defendants should take in the remainder of the reinvestigation. If Planet Toyota did an excellent (albeit unsuccessful) job in examining the car buyer's identity, then the FCRA Defendants could reasonably rely on that thoroughness to do a less searching reinvestigation.

Thus, although there is not a *complete* overlap in the elements of the federal and state law claims—that is, a finding of negligence on the part of Planet Toyota is *not* dispositive of the FCRA Defendants' liability under the FCRA—the claims do arise from the same common nucleus of operative facts because the evidence of Planet Toyota's investigation of the car buyer's identity is relevant to an element of both the federal and state claims. This connection between the two claims is similar to the connection between the claims in *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 1008). There, the plaintiff alleged that her employer (the Cook County Sheriff's Department) retaliated against her after she reported that a co-worker assaulted her in the employer's parking lot. *Id.* at 483-84. In the civil-rights suit against the Sheriff for retaliation and conducting an inadequate internal investigation, the plaintiff also sued the co-worker for assault and battery under state law. The Seventh Circuit rejected the co-worker's argument that supplemental jurisdiction did not apply. *Id.* at 495. It was enough that the state claims "pertained to the same set of circumstances at issue in the federal claim," and that "in order to decide whether the Sheriff's internal investigation was legitimate, the jury needed to consider [the co-worker's] assault on [the plaintiff] . . . ." *Id.* at 495. Similarly, here the fact-finder likely will consider Planet

Toyota's initial investigation into the car buyer's identify when evaluating the reasonableness of the FCRA Defendants' reinvestigation, because that reinvestigation itself should have taken into account what Planet Toyota did (or failed to do) when making the sale.

**III.**

For the reasons stated above, Planet Toyota's motion to dismiss [R. 10] is denied. It is worth noting that although the Court concludes, on the current record (basically just the complaint), that the state and federal claims are sufficiently within the same nucleus of operative facts to withstand a motion to dismiss, it is possible that discovery will show later that the negligence claim is in fact separate from the FCRA claim. *See United Mine Worker of America v. Gibbs,* 383 U.S. 715, 727 (1966) ("Pretrial procedures or even the trial itself may reveal a substantial hegemony of state law claims, or likelihood of jury confusion, which could not have been anticipated at the pleading stage. Although it will of course be appropriate to take account in this circumstance of the already completed course of the litigation, dismissal of the state claim might even then be merited."). If that turns out to be the case, at that time Planet Toyota may ask the Court to relinquish supplemental jurisdiction over the state claim.

ENTERED:

_____
Honorable Edmond E. Chang
United States District Judge

DATE: October 30, 2012

6